UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEANNINE ORANGE,

      Plaintiff,

vs.                                                   Case No. 3:25-cv-1377-MMH-LLL

LEXUS FINANCIAL SERVICES
and LEXUS OF TAMPA BAY,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Jeannine Orange, initiated this action on November 13, 2025, by filing a Complaint for Declaratory and Monetary Relief (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Orange with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Orange should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing her corrected complaint.

Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Orange as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Orange as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir.

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1997) (quoted authority omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoted authority omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792

F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here, one type of improper pleading occurs when, in a case with multiple defendants, the pleader fails to make specific allegations with respect to each defendant. It is insufficient to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants that claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). As with claims premised on different facts and legal theories, claims against

different defendants should be separated into different counts. This allows each defendant to more readily identify which claims and factual allegations are directed at that defendant so the defendant can frame a responsive pleading. Here, Orange appears to assert multiple claims against two defendants: Lexus Financial Services and Lexus of Tampa Bay. See generally Complaint. But, throughout the Complaint, Orange refers to the defendants collectively, failing to specify (1) which defendant is responsible for each alleged act or omission and (2) which defendant each claim is asserted against. See, e.g., Complaint ¶¶ 11, 14, 20, 22, 24. As a result, the Complaint fails to give Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." See Weiland, 792 F.3d at 1323.

Additionally, the Court notes that, in Count VI, Orange asserts a claim for "Declaratory and Injunctive Relief." See Complaint at 7. But a traditional injunction is a remedy and not a freestanding cause of action. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under [Rule] 12(b)(6) (failure to state a

claim).""). As such, when drafting her corrected complaint, Orange should remove her "claim" for injunctive relief from Count VI.[2]

Because the Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Orange to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In the corrected complaint, Orange must avoid the shotgun pleading deficiency discussed above by identifying (1) which defendant is responsible for each alleged act or omission and (2) which defendant each claim is asserted against. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Orange is encouraged to consider consulting with a legal aid organization that offers free legal services before filing her corrected complaint. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Orange may contact the Clerk's office at (904) 549-1900, and the Clerk will provide her name and phone number to Jacksonville Area Legal Aid for a lawyer to call her. Accordingly, it is

---

[2] At least one kind of "non-traditional" injunction does not require a separate basis in a cause of action. See Klay, 376 F.3d at 1100 (noting that a plaintiff that seeks an injunction under the All Writs Act is not required to state a claim that underlies the injunction). Orange does not seek an injunction under the All Writs Act. See generally Complaint.

**ORDERED**:

1. Plaintiff's Complaint for Declaratory and Monetary Relief (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[3] consistent with the directives of this Order on or before **December 12, 2025**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of November, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Pro Se Party

---

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

- 7 -